ALFONSO LaFEMINA
*vs.*
INTERNATIONAL BROTHERHOOD OF TEAMSTERS, WAREHOUSEMEN AND HELPERS ET AL.

Superior Court · New Haven County · File No. 65217

MEMORANDUM FILED MARCH 26, 1945.

*Alphonce C. Fasano,* of New Haven, for the Plaintiff.

*Martin E. Gormley,* of New Haven, for the Defendant.

O'SULLIVAN, J. While crossing at night from the northerly to the southerly side of Wooster Street, New Haven, the plaintiff was struck by the named defendant's automobile then being operated by its agent Martin in an easterly direction. The site of the accident was about midway in a block and did not occur at a crosswalk.

Before the plaintiff started to cross the twenty-nine foot stretch of street between curbs, he had looked to his left and right but had seen no moving automobiles coming from either direction, although the defendant's automobile, with headlights on, was traveling from the west a few hundred feet away and could have been seen by him.

Oblivious of the approaching car, he proceeded to cross, making no effort to watch for traffic from either side, and he reached a point where he needed but a step or two to gain the southerly sidewalk when he was struck and injured.

From the events occurring that evening, a rather unique situation develops. In the first place, the plaintiff should have seen the automobile, because a reasonably prudent person would have observed it, and hence, he was negligent. He continued to remain negligent by his total failure to watch for traffic on the lanes over which he was walking. At one point in his progress, he entered a zone of danger and, had the accident then occurred, the doctrine of the last clear chance would probably have been applicable. However, he removed himself from the zone by getting past its southerly limit. In other words, he walked through the zone of danger to a point beyond it, and all this time he had not the slightest notion of the hazard of the approaching automobile. And no accident would have occurred, for the plaintiff, in spite of his negligence, had now reached a position of relative safety, had not the operator, just after passing a car parked near the southerly curb, turned to his right to give ample room for a westbound automobile to pass. By this maneuver, the plaintiff who was beyond the previous zone of danger and was walking still further away from it, was suddenly brought back within it, not by any action of his but solely by what the operator had done. As a result, the plaintiff was struck by the right front part of the car.

Consequently, I conclude that the operator's negligence was the sole proximate cause of the accident and that, though the plaintiff was negligent from the time he left the northerly curb, his negligence was remote and, therefore, no bar to his recovering.

His injuries were serious. It seems to me that fair compensation should be set at $6,500, for which judgment may enter.